# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN F. ROGERS,<br><br>Plaintiff,<br><br>vs.<br><br>THE COUNTY OF SAN DIEGO, CALIFORNIA; THE SAN DIEGO COUNTY SHERIFF'S OFFICE; and THE HONORABLE LANTZ LEWIS, in his official capacity as Superior Court Judge of the County of San Diego,<br><br>Defendants. | CASE NO. 12-CV-1684- IEG (MDD)<br><br>**ORDER:**<br><br>**1.  GRANTING DEFENDANT LANTZ LEWIS'S MOTION TO DISMISS WITH PREJUDICE;**<br><br>[Doc. No. 9]<br><br>**2.  GRANTING DEFENDANT SAN DIEGO COUNTY'S MOTION TO DISMISS WITHOUT PREJUDICE;**<br><br>[Doc. No. 8]<br><br>**3.  GRANTING LEAVE TO AMEND.** |

Before the Court are motions to dismiss by Defendants San Diego County,[1] [Doc. No. 8], the Honorable Lantz Lewis, San Diego County Superior Court Judge, [Doc. No. 9]. For the reason below, Defendants' motions are **GRANTED**.

## BACKGROUND

This 42 U.S.C. §1983 case arises out of *pro se* Plaintiff Brian F. Rogers's February 2012 small claims action before Judge Lewis concerning repairs to Plaintiff's car. [*See* Doc. No. 1.] In

---

[1]  Defendant San Diego County is also sued as "San Diego County Sheriff's Office." [*See* Doc. No. 1.]

the underlying case, Plaintiff argued for $993 in damages, but Judge Lewis awarded only $200 with an option to take the car back to the small claims defendant for further repair. [*Id*. at 4-6.] San Diego County sheriffs allegedly collected approximately $400 from the small claims defendant but refused to issue any of those funds to Plaintiff given a balance of offsetting damages awards against him. [*Id*. at 9.]

Based on these facts, Plaintiff commenced the present action, alleging that Judge Lewis's small claims judgment, and the execution of that judgment by San Diego County sheriffs, reflect racial bias and thus constitute violations of the Fourteenth Amendment. [*See, e.g.*, *id.* at 6 ("Plaintiff believes Judge Lantz Lewis is a white racist that should be removed from the bench."), 8 ("Judge Lantz Lewis has a distrust for African American people which allows him to import judgments and rulings which have no foundation . . . The Judge simply masquerades the real reason for his racist behavior through illogical racist conclusions . . .").] Judge Lewis filed a motion to dismiss on grounds of judicial immunity from suit. [Doc. No. 9.] San Diego County filed a motion to dismiss for failure to state a claim. [Doc. No. 8.] Plaintiff filed a single opposition, [Doc. No. 14], and both Defendants filed replies, [Doc. Nos. 10, 12].

**DISCUSSION**

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011). Though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Even affording every benefit of the doubt, Plaintiff's complaint fails to allege sufficient facts to support any cognizable legal theory. No facts are pled as to how Defendants' conduct

could reflect racial bias or otherwise violate Plaintiff's civil rights. Nor is any harm alleged, let alone attributed to any conduct by Defendants. Rather, the entirety of Plaintiff's allegations amounts to plain dissatisfaction with single ruling by Judge Lewis in Plaintiff's small claims action. Therefore, to the extent and for the additional reasons specified below, Defendants' motion to dismiss is **GRANTED**.

### 1. Claims Against Judge Lewis

"If an [party] has absolute immunity from [a] § 1983 suit, the trial court must dismiss any civil rights suit filed against that [party] for actions taken within the scope of his or her official duty." *Sellars v. Procunier*, 641 F.2d 1295, 1297 n.4 (9th Cir. 1981). "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *see also Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction.").

Here, Plaintiff's claims arise entirely from Judge Lewis's ruling in a small claims action. [*See* Doc. No. 1.] Such routine judicial rulings plainly constitute "judicial acts taken within the jurisdiction of [his] court," and thus Judge Lewis is absolutely immune to Plaintiff's claims. *Schucker*, 846 F.2d at 1204. Accordingly, Plaintiff's claims against Judge Lewis are hereby **DISMISSED WITH PREJUDICE**.

### 2. Claims Against San Diego County

"[U]nder § 1983, local governments are responsible only for their own illegal acts," and thus "are not vicariously liable under § 1983 for their employees' actions."[2] *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation omitted). Thus, "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official

---

[2] Unlike Judge Lantz, San Diego County does not enjoy immunity here. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993) ("municipalities do not enjoy immunity from suit-either absolute or qualified-under § 1983.").

municipal policy caused their injury." *Id*; *see also Los Angeles County, Cal. v. Humphries*, 131 S. Ct. 447, 449 (2010) ("[C]ivil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom."). Proof of isolated events does not suffice. *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Here, Plaintiff's claims against San Diego County rest entirely on a single event - San Diego County's refusal to issue funds to Plaintiff given a balance of offsetting judgments against him. [Doc. No. 1 at 9.] And even most liberally construed, the complaint fails to allege any facts suggesting how this isolated event could reflect a particular policy or practice, much less based on racial bias. [*See id.*] As such, Plaintiff fails to state a §1983 claim against San Diego County. *See Connick*, 131 S. Ct. at 1359. Still, because amendment is not necessarily futile, Plaintiff's §1983 claims against San Diego County are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Judge Lewis are **DISMISSED WITH PREJUDICE** and Plaintiff's claims against San Diego County are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint no later than January 28, 2013. To be clear, should Plaintiff file an amended complaint, it may only include claims against San Diego County and shall not include any claims against Judge Lewis hereby dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED:** January 2, 2013

**IRMA E. GONZALEZ**
**United States District Judge**