1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                       SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| BRIAN F. ROGERS,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>THE COUNTY OF SAN DIEGO,<br>CALIFORNIA; THE SAN DIEGO<br>COUNTY SHERIFF'S OFFICE; and THE<br>HONORABLE LANTZ LEWIS, in his<br>official capacity as Superior Court Judge of<br>the County of San Diego,<br><br>                                    Defendants. | CASE NO. 12-CV-1684- IEG (MDD)<br><br>**ORDER GRANTING MOTION TO<br>DISMISS WITH PREJUDICE.**<br><br>[Doc. No. 18.] |

18          Before the Court is Defendant San Diego County's[1] motion to dismiss Plaintiff Brian F.

19   Rogers's amended complaint.  [Doc. No. 18.]  For the reason below, Defendant's motion is

20   **GRANTED**.

21                                   **BACKGROUND**

22          This 42 U.S.C. §1983 case arises out of *pro se* Plaintiff Brian F. Rogers's February 2012

23   small claims action concerning repairs to Plaintiff's car.  [*See* Doc. Nos. 1, 17.]  In the underlying

24   case, Plaintiff argued for $993 in damages, but was awarded only $200 with an option to take the

25   car back to the small claims defendant for further repair.  [Doc. No. 17 at 7-8.]  San Diego County

26   sheriffs allegedly collected approximately $400 from the small claims defendant but refused to

27   _____

28          [1]      Defendant San Diego County is also sued as "San Diego County Sheriff's Office."
     [*See* Doc. No. 1.]

issue any of those funds to Plaintiff given a balance of offsetting damages awards against him. [*Id.*]  Based on these facts, Plaintiff commenced the present action, alleging that both the small claims judgment, and the execution of that judgment by San Diego County sheriffs, reflect racial bias and thus constitute violations of the Fourteenth Amendment.  [*See, e.g.*, Doc. No. 1 at 6 ("Plaintiff believes Judge Lantz Lewis is a white racist that should be removed from the bench."), 8 ("Judge Lantz Lewis has a distrust for African American people which allows him to import judgments and rulings which have no foundation . . . The Judge simply masquerades the real reason for his racist behavior through illogical racist conclusions . . .").]

On January 2, 2013, the Court dismissed with prejudice Plaintiff's claims against Judge Lewis on grounds of judicial immunity from suit, and dismissed without prejudice Plaintiff's claims against San Diego County for failure to plead sufficient facts to support any cognizable legal theory.  [*See* Doc. No. 16.]  Plaintiff timely filed an amended complaint largely identical to that already dismissed, which San Diego County presently moves to dismiss for failure to state a claim.  [Doc. No. 18.]  Plaintiff filed no opposition.

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing.  *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.

"[U]nder § 1983, local governments are responsible only for their own illegal acts," and thus "are not vicariously liable under § 1983 for their employees' actions."  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation omitted).  Thus, "Plaintiffs who seek to impose

1  liability on local governments under § 1983 must prove that action pursuant to official municipal

2  policy caused their injury." *Id*; *see also Los Angeles County, Cal. v. Humphries*, 131 S. Ct. 447,

3  449 (2010) ("[C]ivil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show

4  that their injury was caused by a municipal policy or custom."). Proof of isolated events does not

5  suffice. *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

6      Even affording every benefit of the doubt, Plaintiff's complaint again fails to allege

7  sufficient facts to support any cognizable legal theory. Plaintiff's claims rest entirely on a single

8  event - San Diego County's refusal to issue funds to Plaintiff given a balance of offsetting

9  judgments against him. [*See* Doc. No. 17 at 7-8.] But Plaintiff still fails to allege any facts as to

10  how the alleged conduct could reflect racial bias or otherwise violate any civil rights. Nor is any

11  harm alleged, let alone attributed to any conduct by San Diego County. As such, Plaintiff fails to

12  state any §1983 claim against San Diego County. *See Connick*, 131 S. Ct. at 1359.

13      Moreover, "the Ninth Circuit has recognized that plaintiffs do not enjoy unlimited

14  opportunities to amend their complaints." *Stone v. Conrad Preby's*, 2013 WL 139939, at *2 (S.D.

15  Cal. Jan. 10, 2013)(citing *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir.1996)). Where, as here,

16  an amended complaint simply "restate[s] the prior [dismissed claims] without curing their

17  deficiencies," the Court properly dismisses with prejudice. *McHenry*, 84 F.3d at 1174. Therefore,

18  Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

19                                  **CONCLUSION**

20      For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Plaintiff's

21  claims are **DISMISSED WITH PREJUDICE** without leave to amend.

22      **IT IS SO ORDERED.**

23  **DATED:    April 15, 2013**

24                                  **IRMA E. GONZALEZ**
                                    **United States District Judge**

25

26

27

28